UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,

    Plaintiff,

v.                                              Case No. 3:21cv583-MCR-HTC

JUDGE MILES DAVIS,

    Defendant.

_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Cleven Moorer, a Massachusetts resident proceeding *pro se*, initiated this *Bivens* action[1] by filing a complaint against Magistrate Judge Miles Davis (ECF Doc. 1) and an incomplete motion to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2 (E).

For the reasons discussed below, the undersigned recommends that this case be dismissed *sua sponte*, as Plaintiff's allegations, even when read liberally and in his favor, are illogical, nonsensical, and frivolous. Indeed, as Plaintiff references in

---

[1] The online docket for this case lists this action arising under 42 U.S.C. § 1983. However, because Plaintiff asserts a claim against a federal judge and not a state actor, his claim is more properly brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

the complaint, he filed a similar action arising out of the same facts against Senior District Judge Roger Vinson earlier this year, which case was DISMISSED *sua sponte* by the Court for "wholly failing to state a claim" and as being incurable by further amendment.

Additionally, because the undersigned finds Plaintiff's complaint to be frivolous, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

I. THE COMPLAINT FAILS TO STATE A CLAIM

On April 5, 2021, Plaintiff commenced this action by filing a complaint against one defendant, United States Magistrate Judge Miles Davis.[2]  ECF Doc. 1. Plaintiff's complaint, however, includes only two (2) illegible, handwritten paragraphs, neither of which contains any factual allegations. *Id.* Rather, Plaintiff states "he is suing [Judge] Miles Davis . . . for the same things [he] sueing (sic) Judge Roger Vinson for" and that his "separate suit [against] [Judge] Roger Vinson [is the] the same complaint, 3:21cv00084TKWEMT." *Id.* at 5-6.

---

[2] Alternatively, Plaintiff seeks to "convert [his] suit to the Federal Court" "if [Judge Davis] is dead." ECF Doc. 1 at 4.  To the extent Plaintiff seeks to bring a section 1983 action against the Northern District of Florida, "the law is established that courts are not persons within the meaning of 42 U.S.C. § 1983." *See Dewvall v. 22nd Jud. Branch*, No. 2:19-CV-765-WHA, 2020 WL 521000, at *3 (M.D. Ala. Jan. 3, 2020), *report and recommendation adopted*, No. 2:19-CV-765-WHA, 2020 WL 522021 (M.D. Ala. Jan. 31, 2020).

Case No. 3:21cv583-MCR-HTC

As an initial matter, Plaintiff's complaint woefully fails to meet the pleading standards set forth in Federal Rule of Civil Procedure 8. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's complaint is completely devoid of any factual allegations against Judge Davis. Instead, Plaintiff attempts to circumvent Rule 8 by referencing allegations he made in a separate complaint against another federal judge. Plaintiff's complaint does not provide sufficient notice of the basis of Judge Davis's purported liability to him. Moreover, even if the Court were to read Plaintiff's complaint as setting forth the same allegations against Judge Davis as were alleged against Judge Vinson in *Moorer v. Senior Judge Roger Vinson*, Case No. 3:21cv84-TKW-EMT, Plaintiff's complaint would still fail to meet Rule 8 because, as Judge Timothy determined, Plaintiff's complaint there also failed to meet Rule 8 standards.

Indeed, the basis of the Court's dismissal of Plaintiff's claims against Judge Vinson in that case warrants dismissal of Plaintiff's clams here.[3] In *Moorer v. Senior Judge Roger Vinson*, Plaintiff sued Senior District Judge Roger Vinson based on his involvement in Plaintiff's 1998 case, *Moorer v. Apfel*, Case No. 3:98cv222. There, Plaintiff alleged Judge Vinson "refused to pay [him his] lawsuit money" even though he "won case 222." *Moorer,* ECF Doc. 1 at 4. Plaintiff later amended his complaint claiming that "Judge Vinson must have fallen short of reality" when he "denied Plaintiff of the court money . . . all the way through the suicide mission" and that the money "is still needed for everyday things plus all [of his] expensive" (sic). *Id.,* ECF Doc. 4 at 4.

On February 3, 2021, Chief Magistrate Judge Timothy entered a Report and Recommendation recommending Plaintiff's complaint be dismissed as frivolous. *Id.*, ECF Doc. 6. Notably, after reviewing the docket in Plaintiff's 1998 case, Judge Timothy determined that "[n]o judgment, monetary or otherwise, was entered in favor of Plaintiff." *Id.* at 4. Rather Plaintiff's complaint was dismissed after Judge Vinson granted Defendant's Motion to Dismiss. *See Moorer v. Apfel*, Case No. 3:98cv222, ECF Doc. 45. Judge Timothy further concluded that Plaintiff "wholly

---

[3] As an additional ground for dismissal, Plaintiff's claims against Judge Davis based on his involvement in Plaintiff's 1998 case are barred by the 4-year statute of limitations. *See Rager v. Augustine*, 760 F. App'x 947, 950 (11th Cir. 2019) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) (noting that federal district courts apply their forum state's personal injury statute of limitations to both *Bivens* and 42 U.S.C. § 1983 actions).

failed to state a claim" against Judge Vinson, as federal judges are routinely afforded absolute immunity for actions taken in their judicial capacity. *Moorer,* ECF Doc. 6 at 1.[4]

Similarly, in Plaintiff's complaint here, Plaintiff claims Judge "Davis was also a Judge in the case # 222," and "nobody should have done [him]" "like [Judge] Vinson." ECF Doc. 1 at 4. Thus, because Plaintiff contends Judge Davis is "responsible" for the decisions in his 1998 case and for "walk[ing] [him] into that death trap," he seeks "as much money as [he] can get . . . as soon as possible." *Id.* at 5-6.

Like his claims against Judge Vinson, however, Plaintiff's claims against Judge Davis, arising out of his conduct as a Magistrate Judge in *Moorer v. Apfel*, are barred by judicial immunity. Namely, Plaintiff alleges Judge "Davis was also a judge" in Plaintiff's 1998 case and he "should [not] have done [him] the way [he] did."[5] ECF Doc. 1 at 5. In Judge Timothy's prior Report Recommendation, she informed Plaintiff that "[a] federal judge enjoys absolute immunity from a suit

---

[4] District Judge Wetherell adopted Judge Timothy's Report and Recommendation on March 1, 2021, and Plaintiff's complaint was subsequently dismissed.

[5] "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Case No. 3:21cv583-MCR-HTC

seeking damages arising from the judge's actions in his judicial capacity." *Kinsey v. Watkins*, 460 F. App'x 877, 878 (11th Cir. 2012). Nonetheless, and disregarding that statement of the law, Plaintiff filed the instant action against Judge Davis a little more than one month after his case against Judge Vinson was dismissed. Moreover, "[a] judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceed his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

Also, as discussed above, Judge Timothy previously determined that Plaintiff's 1998 case was dismissed after Judge Vinson granted defendant's motion to dismiss, and judgment was entered in favor of the defendant. The online docket regarding Plaintiff's 1998 case, therefore, contains no judgment rendered in Plaintiff's favor entitling him to relief. Quite simply, Plaintiff seeks relief for something this Court has never awarded him.

## II. PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Also pending before the Court is Plaintiff's incomplete and, thus, deficient motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C § 1915:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of section 1915's provisions to a non-prisoner's complaint).

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). Specifically, under section 1915(e)(2)(B), the Court shall dismiss any claim filed under the *in forma pauperis* statute, which "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

As an initial matter, Plaintiff's motion is primarily blank and fails to provide the Court with enough information to determine his indigency status. Specifically, Plaintiff skipped section III regarding his employment, failed to provide his total monthly payments on debts and expenses, and merely underlined "Social Security Disability" and wrote "SSI" rather than providing the amount of social security he actually receives. ECF Doc. 2 at 3-4. Plaintiff's failure to completely provide his financial information, alone, is a sufficient basis to deny the motion.

Regardless, even if Plaintiff had filed a completed motion to proceed *in forma pauperis*, Plaintiff's inability to pay the filing fee does not convert his frivolous complaint into a viable action. As outlined above, Plaintiff's complaint fails to state a cognizable claim, even under the most liberal reading, because he seeks relief for a non-existent judgment against an immune federal judge. When a plaintiff cannot meet the second element of the *in forma pauperis* equation—namely by showing that the complaint is neither frivolous nor malicious—the District Court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, No. CV 20-0495-JB-MU, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted,* No. CV 20-0495-JB-MU, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review Plaintiff's inconsistent and incomplete motion to proceed *in forma pauperis* because Plaintiff lacked standing to bring her asserted claims).

As set forth above, Plaintiff's complaint against Judge Davis is frivolous, and Plaintiff's motion to proceed *in forma pauperis* is thus DENIED.

### III.   CONCLUSION

Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, an opportunity to amend is not

necessary when the defects in the complaint are incurable and an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). Instead, a district court may *sua sponte* "dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 Fed.Appx. 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)).

Moreover, frivolous claims may be dismissed without giving notice to a party and even prior to service of process. *Davis v. Kvalheim*, 261 F. App's 231, 234 (11th Cir. 2008). Here, *sua sponte* dismissal is appropriate because this report and recommendation will serve as fair notice to the Plaintiff of the Court's intent to dismiss the case. *See Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED:

1. This case be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The clerk be directed to close the file.

At Pensacola, Florida this 16th day of April, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.